United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LARRY RICHARDS,                          No. C 07-3435 MJJ

12          Plaintiff,                       **ORDER DISMISSING COMPLAINT AND
                                             DENYING REQUEST TO PROCEED IN
13     v.                                    FORMA PAUPERIS**

14  SF HOUSING AUTHORITY,

15          Defendant(S).
    _____/

16

17          The Court has received Plaintiffs' Complaint[1] and Application to Proceed In Forma Pauperis,

18  both filed in this Court on June 29, 2007.  As explained below, because there is no legal basis for

19  Plaintiffs' Complaint, the Court **DISMISSES** Plaintiffs' Complaint *sua sponte* and **DENIES**

20  Plaintiffs Application.

21          Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the

22  commencement . . . of any suit . . . without prepayment of fees or costs or security therefor, by a

23  person who submits an affidavit that the person is unable to pay such costs or give security therefor."

24  In reviewing an application to proceed *in forma pauperis*, the court may dismiss a case *sua sponte* if

25  the court determines that the party applying for *in forma pauperis* status has filed a frivolous action.

26  28 U.S.C. § 1915(e)(2); *Lopez v. Smith* 203 F.3d 1122, 1130 (9th Cir. 2000).  For the purposes of

27

28          [1]In the Complaint, *pro se* Plaintiffs include Larry Richards, Honorio Rivera Junior, & Kevin Hansen referred to as
    "The Ad Hoc Tenants Committee of the Rose Hotel."  Defendants include: the Housing Authority of the City and County
    of San Francisco ("SFHA"), the United States Department of Housing and Urban Development ("HUD"), Mercy Housing
    California, Mercy Housing California "X"-doing business as the Rose Hotel, The Rose Hotel, Greg Fortner-Director-SFHA,
    Tony Ucciferri-Director-Section 8 Division-SFHA, and Does 1-10 named but unknown persons.

United States District Court
For the Northern District of California

1    28U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke*

2    *v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal on these grounds are often made *sua sponte* prior

3    to the issuance of process, so as to spare prospective defendants the inconvenience and expense of

4    answering such complaints.  *Id*. at 324.  Where a litigant is acting *pro se* and the court finds litigant's

5    complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant

6    notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless

7    it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  *See*

8    *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (overruled by statute with regard to *pro se*

9    prisoner complaints).

10        Here, Plaintiffs are disabled tenants of the Rose Hotel who receive Section 8 housing

11   assistance.  (Complaint ("Compl.") p. 4.)  As best the Court can discern, Plaintiffs' complaint

12   generally alleges six claims contending that Defendants intentionally discriminate against Plaintiffs

13   and others similarly situated.  Plaintiffs claims are as follows: (1) Plaintiffs allege that Defendants

14   intentionally discriminate against Plaintiffs through a "two tier housing" policy in which Defendants

15   refuse to issue transferrable Section 8 vouchers to residents of "SRO" project based Section 8

16   housing.[2]  (*Id*. at 5-6.)  Plaintiffs further aver that transferable vouchers are an absolute right to

17   others similarly situated throughout the country, therefore, Defendants' policy amounts to

18   unconstitutional discrimination against them. (*Id*. at 6.)  (2) Plaintiffs contend that "SRO Housing" is

19   unconstitutional because not all individuals in the program are provided rooms with separate

20   bathrooms and kitchens. (*Id*. at 7-9.)  (3) Plaintiffs allege that Defendants' policy of automatic

21   renewal of "SRO" contracts with the Rose Hotel is unconstitutional because it perpetuates disparate

22   treatment by trapping Plaintiffs in substandard housing.  (*Id*. at 9-10.)  (4) Plaintiffs contend that

23   Defendants' automatic contract renewal policy is unconstitutional because it is done without a public

24   hearing.  (*Id*. at 10.)  (5) Plaintiffs allege that Defendants' refusal to produce a written response to

25   ADA[3] modification requests is "discriminatory on the basis of handicap."  (*Id*. at 10-11.) (6)

26   Plaintiffs contend that Defendants' failure to provide notice of substandard housing to prospective

27

28
         [2]Plaintiff utilizes "SRO" to refer to Single Room Occupancy Dwellings.

         [3]Americans With Disabilities Act.

2

**United States District Court**
For the Northern District of California

1    tenants of the Rose hotel is unconstitutional.  (*Id.* at 11-12)

2         Because Plaintiffs' Complaint presents only conclusory statements alleging unconstitutional

3    discriminatory conduct, the Complaint presents no cognizable legal theory or factual basis for relief.

4    Therefore, the Court finds that Plaintiffs' complaint is frivolous pursuant to 28 U.S.C. § 1915(e) and

5    **DISMISSES** the Complaint *sua sponte*.  *See Neitzke v. Williams*, 490 U.S. 319 (1989).  Because the

6    Court orders dismissal pursuant to 28 U.S.C. § 1915, the Court also **DENIES** Plaintiff's request to

7    proceed *in forma pauperis*.

8         Plaintiffs shall have thirty days from the entry of this order to file an Amended Complaint to

9    properly allege their constitutional claims, if any, against the Defendants.  Plaintiffs' Amended

10   Complaint should provide a cognizable legal theory upon which each claim is based, and a factual

11   basis for alleging how each Defendant's conduct satisfies necessary elements of each claim.

12   Plaintiffs' amended complaint should also address the special pleading requirements necessary to

13   properly allege claims against government defendants, if any.

14

15   **IT IS SO ORDERED.**

16

17

18   Dated: July __25__, 2007

19                                                    MARTIN J. JENKINS
                                                     UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28